UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-03715-JLS-PVC                                    Date: October 24, 2022
Title: James DeBiasio v. Polaris Industries, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Patricia Kim for V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                            Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 45); GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 44)**

     Before the Court are Plaintiff James DeBiasio's Motion to Remand (Remand Mot., Doc. 45) and Defendant Polaris Industries, Inc.'s ("Polaris") Motion to Dismiss (MTD, Doc. 44; MTD Mem., Doc. 44-1.) Polaris opposed the Motion to Remand, and DeBiasio replied. (Remand Opp., Doc. 53; Remand Reply, Doc. 56.) DeBiasio opposed the Motion to Dismiss, and Polaris replied. (MTD Opp., Doc. 54; MTD Reply, Doc. 55.) The Court finds both motions appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearings for both motions set for **October 28, 2022 at 10:30 a.m.** are vacated. The Court DENIES the Motion to Remand and GRANTS the Motion to Dismiss with leave to amend.

     DeBiasio brought this putative class action in a California state trial court, alleging that Polaris concealed from him, and other putative class members, a design defect in the engines of recreational off-road vehicles they purchased. (Complaint, Doc. 1-1 at ¶¶ 3, 5, 12.) Polaris removed the action to this Court on June 1, 2022 under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Notice of Removal, Doc. 1.)

     DeBiasio moves this Court to remand the action to state court because Polaris's notice of removal is deficient and the removal is "fraudulent." (Remand Mot. at 5.) DeBiasio argues that Polaris cannot assert that DeBiasio has Article III standing in this case because in a similar case brought in the District of Minnesota, Polaris successfully

---

**CIVIL MINUTES – GENERAL**                                                                        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-03715-JLS-PVC				Date: October 24, 2022
Title: James DeBiasio v. Polaris Industries, Inc.

argued to the district court and the Eighth Circuit that class members whose vehicles had not malfunctioned or otherwise manifested damage from the defect lacked Article III standing to pursue their claims in federal court. *See In re Polaris Mktg., Sales Pracs., & Prod. Liab. Litig.*, 9 F. 4th 793, 796-97 (8th Cir. 2021). However, it is settled in the Ninth Circuit that plaintiffs who contend that class members paid more for a defective product than they would otherwise have paid, or bought it when they otherwise would not have, have alleged an Article III injury in fact. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3 (9th Cir. 2013). Thus, there is no standing defect in the removal that would warrant remand. To the extent that DeBiasio argues that the Court should use the doctrine of judicial estoppel to prevent Polaris from taking opposing positions on standing in different cases, the Court declines to do so. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) ("[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion") (quotations omitted). The motion is accordingly DENIED.

Polaris argues that all of DeBiasio's claims should be dismissed as time-barred because the statute of limitations began to run when he purchased his vehicle, and he filed his complaint more than five years later, after the statutes of limitations on his various claims had expired. (MTD Mem. at 2.) DeBiasio does not argue that his claims fall within the statutes of limitations based on the normal rules of accrual. Rather, he argues that the statutes of limitations should be tolled under the doctrine of fraudulent concealment and the discovery rule. (MTD Opp. at 6-7.)

"A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quotations omitted). To invoke the delayed discovery rule, a plaintiff must plead: "(a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when he did actually discover the fraud or mistake." *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991). Similarly, "[i]n order to establish fraudulent concealment, the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-03715-JLS-PVC                                  Date: October 24, 2022
Title:  James DeBiasio v. Polaris Industries, Inc.

(3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1131 (C.D. Cal. 2010) (quoting *Mills v. Forestex Co.*, 108 Cal. App. 4th 625, 641 (2003)).

Polaris argues that DeBiasio cannot meet either of these standards because the Complaint does not allege when and how he discovered the existence of his claims. (MTD Reply at 2.)  The Complaint is bare of allegations concerning the discovery of the alleged fraud.  DeBiasio has therefore not sufficiently pleaded facts to support either form of tolling.  *See Keilholtz v. Lennox Hearth Prods. Inc.*, No. 08-836, 2009 WL 2905960, at *5 (N.D. Cal. Sept. 8, 2009) (granting motion to dismiss due to, inter alia, the plaintiffs' failure to allege "how and when class members with time-barred claims discovered the alleged fraud" for purposes of tolling under the discovery rule and "when the fraud was discovered" and "the circumstances under which it was discovered" for purposes of the fraudulent concealment doctrine). The Motion to Dismiss is GRANTED.

Because DeBiasio could remedy these deficiencies by amending the Complaint, he is granted leave to amend.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  Plaintiff is ORDERED to file an amended complaint within **twenty-one days** of the issuance of this order.  Failure to do so may result in dismissal with prejudice.

Initials of Deputy Clerk:  pk